# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DANIELA JUAREZ SANTANA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 09-CV-62 |
| v. | ) | JUDGE LINDBERG |
| | ) | MAGISTRATE JUDGE NOLAN |
| PEDRO MUÑOZ CASTELLANOS, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION FOR ENTRY OF JUDGMENT

COMES NOW Petitioner DANIELA JUAREZ SANTANA ("Petitioner"), by and through undersigned counsel, as and for her Motion for Entry of Judgment (the "Motion"), respectfully states as follows:

1. This Motion is brought pursuant to the Court's Notice of July 8, 2009 requiring an affidavit from Petitioner in order to prove up her claim. (D.I. # 35.) By this motion, as well the accompanying affidavits and other documents, Petitioner has established the elements of a *prima facie* case under the Hague Convention On The Civil Aspects Of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention"), the International Child Abduction Remedies Act, 42 U.S.C. § 11603 ("ICARA"), and the Illinois Uniform Child Custody Jurisdiction and Enforcement Act, 750 ILL. COMP. STAT. § 36/101, *et seq.* ("UCCJEA"). Accordingly, Petitioner respectfully requests that her Petition For Return of Child to Mexico be granted and that the child - Pedro Emiliano Muñoz Juarez (the "Child") – be returned to Mexico as Mexico is the appropriate forum to resolve any underlying custodial issues.

## Background

2.      The goals of the Hague Convention (and its implementing statute) are to secure

the prompt return of children wrongfully removed or retained in any Contracting State,[1] and to

ensure that the right of custody and access under the law of one Contracting State is effectively

respected in the other Contracting States.  (*See* Hague Convention, Art. 1(a)-(b)) (a free and

correct copy of the relevant portions of the Hague Convention are attached here as Exhibit A to

the Declaration of David S. Almeida, ("Almeida Declaration") (attached hereto as Exhibit 1).

The purpose of the Hague Convention is only to resolve jurisdictional issues concerning where

underlying custodial issues are to be resolved, not to resolve the underlying custodial issues or

decide what is or is not in the best interest of the child.  (*See id.*)

3.      To prevail on a petition under the Hague Convention, a petitioner must establish

by a preponderance of the evidence that:

> (1)      immediately before the date of the allegedly wrongful removal or retention, the habitual residence of the child was in the country to which return is sought;
>
> (2)      the removal or retention was in violation of the petitioner's custody rights under the law of the child's habitual residence;
>
> (3)      the petitioner was actually exercising, or would have been exercising, custody rights of the child at the time of his or her removal or retention; and
>
> (4)      the child has not attained the age of 16 years.

42 U.S.C. § 11603(e)(1)(A); *see also Koch v. Koch*, 450 F.3d 703, 712 (7th Cir. 2006).  As set

forth below an din the accompanying affidavit, Petitioner has established a *prima facie* case and

thus the Child should be returned to Mexico.

---

[1] The Unite States originally signed the Hague Convention on December 23, 1981.  On April 29, 1988, ICARA was enacted.  The Hague Convention took effect in the United States on July 1, 1988.  The Hague Convention entered into force in Mexico on September 1, 1991.

## The Child is a Habitual Resident of Mexico

4. While the Hague Convention does not define the term "habitual residence," courts "interpret the expression 'habitual residence' according to 'the ordinary and natural meaning of the two words it contains[, as] a question of fact to be decided by reference to all the circumstances of any particular case.'" *Koch*, 450 F.3d at 712 (children removed from Germany by their father were habitual residents of Germany and therefore should be returned to Germany) (citations omitted).

5. Courts in define habitual residence as "the place where [the child] has been physically present for an amount of time sufficient for acclimatization and which has a 'degree of settled purpose' from the child's perspective." *Feder v. Evans-Feder,* 63 F.3d 217, 224 (3d Cir.1995). In the case of young children, courts often find it most prudent to focus on the intent of the parents' shared intent on the child's habitual residence prior to the abduction. *See Shalit v. Coppe,* 182 F.3d 1124, 1127 (9th Cir.1999).

6. As set forth in her accompanying affidavit, Petitioner Daniela Juarez Santana is a citizen of Mexico, residing at Domicilio Conocido, Ejido Santa Monica, Municipio Guerrero Coahuila, Mexico. (*See* Affidavit of Daniela Juarez Santana, sworn to July 13, 2009 ("Santana Aff."), ¶ 2 (attached hereto as Exhibit 2).) Petitioner was born on November 1, 1987 in Piedras Negras, Coahuila, Mexico. (*Id.*, ¶ 3.)

7. Petitioner is the biological mother of the Child, who was born on May 6, 2007 in Allende, Coahuila, Mexico. (*Id.*, ¶ 7.)

8. Respondent, is a United States citizen and both of his parents are (or were) Mexican nationals. (*Id.*, ¶ 5.)

9. The Child lived in Mexico for more than half of his life prior to his wrongful abduction by Respondent. (*See id.*, ¶¶ 9-10); *see also* Declaration of Daniela Juarez Santana

Establishing the Habitual Residence of the Child Pedro Emiliano Muñoz Juarez, ¶ 3 (attached hereto as Exhibit 3).)[2]

10.     At all times prior to the Child's wrongful abduction by Respondent, Petitioner and Respondent intended to raise the Child in Mexico. (*See* Santana Aff., ¶ 12) (stating that Petitioner and Respondent never made plans to raise the Child in the United States, and that the only reason Petitioner and Respondent took the Child to the United States was for Respondent to find seasonal employment).)

11.     Although they occasionally took the Child to the United States while Respondent looked for temporary work, Petitioner and Respondent always returned with the Child to Mexico. (*See id.*, ¶ 10.)

12.     At the time of abduction by Respondent on March 22, 2008, the Child was residing in Mexico. (*See id.*, ¶ 14.)

13.     The foregoing facts show that that Mexico is the habitual residence of the Child. The Child was born in Mexico, to Mexican parents, lived most of his life prior to abduction in Mexico, and Petitioner, the Child's primary caretaker, lived in Mexico (not to mention Respondent's family). As the Child's parents (Petitioner and Respondent) always intended that the Child be raised in Mexico, the Child is unquestionably a habitual resident of Mexico. (*See generally id.*, ¶¶ 10-13.)

**Respondent's Removal of the Child was in Violation of Petitioner's Custody Rights**

14.     Custody rights may arise by operation of law as determined by the law of the child's country of habitual residence. (*See* Hague Convention, Art. 3.)

15.     In the event that only one parent can have custody of a child, applicable Mexican law provides that sole custody lies with the mother, provided that the parents cannot come to an

---

[2] Originally attached to the Petition on January 6, 2009.

agreement about which parent should have custody and that the child is under the age of seven. (*See* Civil Law with Respect to Minors in Coahuila, Mexico, Art. 552) (translated and attached hereto as Exhibit E to Almeida Declaration.)

16.     The Child was born on May 6, 2007, making him under the age of 7 at the time of abduction.  (*See* Santana Aff., ¶ 7; Birth Certificate of Pedro Emiliano Muñoz Juarez ("Birth Certificate") (attached hereto as Exhibit 4).)   Given Respondent's abduction of the Child, Petitioner and Respondent obviously could not come to an agreement about custody.  (*See generally* Santana Aff., ¶¶ 16-25 (detailing the abduction of the Child over Petitioner's protest).) Therefore, further to Mexican law, Petitioner, the mother of the Child, has custody rights to the Child, which Respondent violated when he impermissibly took the Child to the United States on March 22, 2008.

**Petitioner was Exercising Her Custodial Rights at the Time of the Wrongful Abduction of the Child by Respondent**

17.     Having established that the Child was a habitual resident of Mexico at the time of the abduction and that Petitioner has custody rights under Mexican law, Petitioner must also establish that she was actually exercising her custodial rights at the time of the wrongful abduction.  (*See* Hague Convention, Art. 3(b).)

18.     It is undisputed that Petitioner was the primary caregiver of the Child while in Mexico and while visiting the United States.  (*See id.*, ¶ 13.)

19.     Upon realization that Respondent had abducted the Child and that he had no intention of returning the Child to Petitioner, Petitioner attempted to regain possession of the Child by contacting Mexican police.  (*See id.*, ¶ 18.)

20.     At no time prior to, during, or since the abduction of the Child has Petitioner voluntarily relinquished her custody rights.  (*See id.*, ¶ 22.)

## The Child is Under the Age of 16

21.     Finally, as the Child was born on May 6, 2007, he was under the age of 16 at the time of abduction.  (*See  id*., ¶ 7; Birth Certificate, Ex. 4.)

**WHEREFORE**, Petitioner DANIELA JUAREZ SANTANA respectfully requests that this Court enter an Order – substantially in the form attached hereto as Exhibit 5 – directing the prompt return of the Child to his habitual residence of Mexico in accordance with the Hague Convention on the Civil Aspects of International Child Abduction, the International Child Abduction Remedies Act and the Illinois Uniform Child Custody Jurisdiction and Enforcement Act, as well as ordering all such other relief deemed equitable and just.

Dated: July 15, 2009

Respectfully submitted,

_____/s/ David S. Almeida_____
One of the Attorneys for Petitioner Daniela Juarez Santana

David S. Almeida, ARDC # 6285557
Jeffrey T. Baravetto, ARDC # 6289001
Drinker Biddle & Reath LLP
191 North Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 - Telephone
(312) 569-3000 - Facsimile
david.almeida@dbr.com
jeffrey.baravetto@dbr.com

*Attorneys for Petitioner Daniela Juarez Santana*